IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**NATHAN WAYNE SMITH,**

    **Plaintiff,**

v.                                                  **CIVIL ACTION NO.: 3:19-CV-179**
                                                        **(GROH)**

**UNITED STATES OF AMERICA, and
WEAVER, RN,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 7, 2019, the *pro se* Plaintiff, a federal prisoner incarcerated at Fort Des Moines Community Corrections Complex in Des Moines, Iowa, initiated this case by filing an action pursuant to the Federal Tort Claims Act in the Southern District of Iowa. ECF No. 1.[1] On October 21, 2019, the case was transferred to the Northern District of West Virginia. ECF No. 2. Following the issuance a notice of deficient pleading, the Plaintiff filed the Court-approved form on November 12, 2019. ECF No. 7.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:19-CV-179, unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Claims in the Complaint

Plaintiff filed the Court-approved complaint form on November 12, 2019, alleging he was denied medical care which occurred while Plaintiff incarcerated at FCI Gilmer. The complaint alleges[2] that Plaintiff suffered the following injuries while in federal custody: (1) Plaintiff was denied emergency medical care on February 7, 2019 [ECF No. 7 at 6, 8]; and (2) Plaintiff was denied emergency medical care on March 18, 2019, [Id. at 7]. Plaintiff claims that as a result of inadequate medical treatment he suffered a stroke approximately a month later. Id. at 12. Plaintiff asserts "memory loss, other [things] that [are] hard to explain and numbness to right side of [his] body." Id. at 9.

According to the complaint, Plaintiff did not file an administrative remedy (SF-95 Form) pursuant to the FTCA. Id. at 4. However, Plaintiff submitted copies of administrative remedy claims with his complaint. The administrative remedy document regarding tort claim number TRT-MXR-2019-05336, dated August 30, 2019, states that:

> An investigation into this matter revealed that on March 18, 2019, you were evaluated by health services staff through sick call with complaints of right side weakness and numbness. The assessment revealed all of your vital signs were within normal limits but you stated you had been treated recently for a blood clot in your leg. The mid-level provider (PA) was notified and a consult to be transported to the emergency room to rule out a possible stroke was completed.
>
> You returned to the institution on March 19, 2019, with a diagnosis of vertigo, along with known previous medical conditions such as hypertension, right leg DVT (blood clot) and diabetes. A prescription for meclizine for dizziness was

---

[2] Although Plaintiff stated his allegations as five separate claims, he appears to assert a denial of medical care on only two dates: February 7, 2019, and March 18, 2019. ECF No. 7. In his initial complaint Plaintiff stated, "The main point of this civil complaint is that I was denied medical emergency [treatment] twice which later caused a stroke." ECF No. 1 at 6.

> ordered and you were scheduled to see the staff physician for a follow up appointment.
>
> You were seen for follow-up appointment on March 26, 2019. You stated the dizziness had subsided but you were still experiencing some weakness and numbness to the right side. You stated it may be related to your job washing the pots and pans in food service. The physician completed a consult for Nephrology due to history of the DVT in the right leg.
>
> You were seen by a Nephrologist on May 30, 2019. The specialist noted some numbness still to the right leg but no hernaturia. He advised that you follow up as needed.
>
> You were seen again on July 3, 2019, by, a PA for your routine chronic care exam. You reported to the PA that you were releasing soon. You were advised to follow up with your primary care provider upon release.
>
> Based on the above, it is clear you received appropriate medical care. Accordingly, your claim is denied. This is a final denial of your claim. If you are not satisfied with this determination, you have six months from the date of the mailing of this letter to bring suit in an appropriate United States District Court, should you wish to do so.

ECF No. 7 at 15 – 16.

Plaintiff seeks 1.5 million dollars ($1,500,000.00) in compensatory damages. ECF No. 7 at 9.

### B.   Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

Defendants filed a motion to dismiss or for summary judgment, and a memorandum and exhibits in support thereof, on April 9, 2021. ECF Nos. 45, 45-1 through 45-5, 49[3]. Defendants argue that Plaintiff's complaint should be dismissed because: (1) Plaintiff failed to comply with the West Virginia Medical Professional Liability Act[4]; (2) claims of

---

[3] Plaintiff's medical records were filed separately under seal. ECF Nos. 46, 48, 49.

[4] On July 21, 2021, the Fourth Circuit issued its decision in Pledger v. Lynch, 5 Fed.4th 511 (4th Cir. 2021), which held that plaintiffs in FTCA and Bivens actions do no not need to comply with the pre-suit

3

constitutional violations against the United States are not cognizable under the FTCA, because the United States has not waived sovereign immunity for such claims; (3) Defendant Weaver is an improper party to an FTCA claim, because only the United States is liable under the Federal Tort Claims Act; (4) Plaintiff failed to exhaust available administrative remedies as to his Bivens[5] claims; and (5) Plaintiff fails to state a claim of deliberate indifference pursuant to Bivens. ECF No. 45-1.

Attached to the motion and memorandum were exhibits, including more than 200 pages of medical records [ECF No. 49], which document Plaintiff's eleven different medical conditions diagnosed on March 19, 2019: (1) vertigo; (2) accelerated hypertension; (3) rhabdomyolysis; (4) paresthesia; (5) spastic dysarthria; (6) anticoagulated; (7) right leg deep vein thrombosis (DVT); (8) chronic kidney disease (CKD) with moderately decreased glomerular filtration rate; (9) gastro-esophageal reflux disease (GERD) (10) hyperlipemia; and (11) type 2 diabetes mellitus. ECF Nos. 45-1 at 10; 49 at 22, 153 - 169. Plaintiff was not diagnosed as having had a stroke. Id. In fact, Plaintiff's medical records state that when he was treated at Stonewall Jackson Memorial Hospital (SJMH) on March 18, 2019, a CT head or Brain scan without contrast was performed and "[n]o acute intracranial abnormality [was] noted," and "no hemorrhage or mass effect [was] noted." ECF No. 49 at 168.

On March 26, 2019, at Plaintiff's chronic care encounter with Health Services, it was documented that Plaintiff reported numbness and that Plaintiff was failing to take his

---

notification requirements of the West Virginia Medical Professional Liability Act. By order entered October 25, 2021, the Fourth Circuit has stayed its ruling in Pledger, based on a rehearing en banc which is not yet scheduled.

[5] The Court notes that although Defendants raise Bivens defenses as to Defendant Weaver, the instant action has been pled by Plaintiff exclusively as an FTCA case.

prescribed medication. ECF No. 49 at 11. The medical record from that date confirms that Plaintiff suffered from the following current disease states: (1) chronic kidney disease; (2) hyperlipidemia; (3) hypertension; (4) abnormal finding of blood chemistry; (5) acute embolism and thrombosis of vein; (6) anemia; (7) gastro-esophageal reflux disease without esophagitis; (8) neuralgia and neuritis, right arm/leg/body; (9) obesity; and (10) type 2 diabetes mellitus. Id. at 12.

At Plaintiff's July 3, 2019, examination he was assessed as having the following current health issues: (1) chronic kidney disease; (2) hyperlipidemia; (3) hypertension; (4) acute embolism and thrombosis of vein; (5) anemia; (6) coagulation defect[6]; (7) gastro-esophageal reflux disease without esophagitis; (8) neuralgia and neuritis; (9) pain unspecified, left elbow; and (10) type 2 diabetes mellitus. ECF No. 49 at 2. Plaintiff further complained of "numbness to my whole right side." ECF No. 49 at 1.

### C. Plaintiff's responses to Motion to Dismiss or for Summary Judgment

On April 12, 2021, the Court issued an Order and Roseboro Notice to Plaintiff. ECF No. 47. The Court granted Plaintiff two extensions of time to respond to the motion to dismiss or for summary judgment on April 26, 2021, and June 10, 2021. ECF Nos. 52, 55.

Plaintiff filed a response to the Defendants' motion to dismiss on June 11, 2021, and a second response on July 1, 2021. ECF Nos. 56, 59. In his first response Plaintiff asserted that medical providers refused to provide him with his medical records, and that he exhausted his administrative remedies. ECF No. 56. Plaintiff again filed as an exhibit the August 30, 2019, administrative remedy denial, and also an informal resolution request

---

[6] Michael Weaver, RN, provided a declaration that states, "Factor V Leiden mutation is a gene mutation which can increase the chance of developing abnormal blood clots." ECF No. 45-5 at 2. Plaintiff's medical records confirm that Plaintiff has Factor V Leiden mutation. ECF No. 49 at 7, 105, 109.

form from FCI Gilmer dated June 17, 2019, for an incident alleged to have occurred on March 19, 2019. ECF Nos. 56-1 at 1 – 2.

The Court issued another Order and Roseboro notice on July 28, 2021. ECF No. 64. The Court noted that previously, on April 12, 2021, this Court issued a separate Roseboro notice [ECF No. 47], and that Plaintiff filed a response in opposition [ECF No. 56] on June 11, 2021, and a second response [ECF No. 59] on July 1, 2021.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or

6

> filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### C. Actions Under the Federal Tort Claims Act (FTCA)

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States. The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680.

In 2021, the Supreme Court issued a decision which summarized the historical precedent which led to the enactment of the FTCA:

> The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment. Before 1946, a plaintiff could sue a federal employee directly for damages, but sovereign immunity barred suits against the United States, even if a similarly situated private employer would be liable under principles of vicarious liability. Despite that immunity, the Government often would provide counsel

---

malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

7

>to defendant employees or indemnify them. In addition, Congress passed private bills that awarded compensation to persons injured by Government employees. But by the 1940s, Congress was considering hundreds of such private bills each year. Critics worried about the speed and fairness with which Congress disposed of these claims.
>
>In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment. The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b). A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:
>
>[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[8]

Brownback v. King, 141 S. Ct. 740, 746 (2021) (cleaned up and internal citations omitted).

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). The FTCA provides at § 2674 as follows:

>The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances,

---

[8] 28 U.S.C. § 1346(b)(1) provides, "[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

>but shall not be liable for interest prior to judgment or for punitive damages.

However, the FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). "The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any government employee or agency is the only proper defendant in an FTCA lawsuit. See 28U.S.C. 2679(a); Webb v. Hamidullah, 281 F. App'x 159, 161 n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA); Allfgeir v. U.S., 909 F.2d 869 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee").

A constitutional civil rights claim is not cognizable in an FTCA lawsuit. FDIC v. Myer, 510 U.S. 471, 477-79 (noting that a constitutional tort claim is not cognizable in an FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); Blanchard v. United States, No. 2:14cv58, 2015 WL 4107311, at 13 (N.D.W. Va. July 7, 2015), aff'd 622 F. App'x 287 (4th Cir. 2015) (per curiam) (unpublished) (finding that a civil rights claim alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment is not actionable against the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA.

## IV. ANALYSIS

### A. RN Weaver is an Improper Party to an FTCA Claim

In his initial complaint, Plaintiff named RN Weaver, an employee of the United States, Federal Bureau of Prisons, FCI Gilmer as a Defendant to his FTCA case. ECF No. 1. Thereafter, Plaintiff filed an amended complaint on the Court-approved form which named only the United States as a Defendant to Plaintiff's FTCA claims. ECF No. 7. The Federal Tort Claims Act permits a plaintiff to sue the United States of America for actions committed by employees of the United States. The only proper defendant to a Federal Tort Claims Action is the United States of America, which is the only named party in the amended complaint. Id. Accordingly, RN Weaver, an employee of the United States[9] should be dismissed with prejudice from the FTCA claim.

### B. Failure to State a Claim Under the Federal Tort Claim Act

As recognized by the Supreme Court in Brownback v. King, 141 S. Ct. at 746, an FTCA claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Here, Plaintiff cannot meet all six requirements necessary to maintain an FTCA

---

[9] In his declaration, RN Weaver states that he is a registered nurse for the Federal Bureau of Prisons located at FCI Gilmer. ECF No. 45-5 at 1.

action. Although Plaintiff appears to meet the first, second and fifth requirements—his suit is against the United States, seeks $1,500,000.00, and asserts that the identified wrongdoer was a federal employee acting in the scope of his employment—he cannot meet the third, fourth and sixth elements of an FTCA claim. Although Plaintiff claims he suffered a stroke because he was rendered inadequate medical care, the medical records provided by Defendant demonstrate that Plaintiff never suffered the alleged injury of a stroke.

Plaintiff was not diagnosed with any cerebral hemorrhage or acute intracranial activity which would indicate Plaintiff had a stroke.[10] Plaintiff's bald assertion that he suffered a stroke is refuted by the medical records, which over a period of months document as many as eleven other chronic medical conditions or current physical ailments. While Plaintiff may have experienced symptoms which he believed were consistent with a stroke, when he was treated at SJMH, physicians there performed a CT Head or Brain scan and found that Plaintiff did not experience a stroke.

The failure to demonstrate any physical injury means that Plaintiff fails to state a claim upon which relief may be granted. Failure to show a physical injury is a requirement to obtain relief under the FTCA. Pursuant to 28 U.S.C. § 1346 (b)(2), "No person convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States or any agency, officer, or employee of the Government

---

[10] "There are two main causes of stroke: a blocked artery (ischemic stroke) or leaking or bursting of a blood vessel (hemorrhagic stroke). Some people may have only a temporary disruption of blood flow to the brain, known as a transient ischemic attack (TIA), that doesn't cause lasting symptoms. Ischemic stroke [ ] is the most common type of stroke. It happens when the brain's blood vessels become narrowed or blocked, causing severely reduced blood flow (ischemia). Blocked or narrowed blood vessels are caused by fatty deposits that build up in blood vessels or by blood clots or other debris that travel through [the] bloodstream and lodge in the blood vessels in [the] brain. Hemorrhagic stroke occurs when a blood vessel in [the] brain leaks or ruptures. Brain hemorrhages can result from many conditions that affect [the] blood vessels." https://www.mayoclinic.org/diseases-conditions/stroke/symptoms-causes/syc-20350113

for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

Because Plaintiff fails to show that he suffered any physical injury, he fails to meet the third requirement of 28 U.S.C. § 1346(b)(1), and this suit fails to state a claim upon which relief may be granted. Further, because Plaintiff fails to meet the third requirement of the statute, the Court need not address the fourth or sixth requirements, regarding causation of damages and whether a private person would be liable to the claimant for the actions of the federal employee. For these reasons, the complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint as to Defendant RN Weaver be **DISMISSED WITH PREJUDICE** because RN Weaver is an improper party to an FTCA action, and that Plaintiff's complaint as to the United States of America be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 15, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE