**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**NATHAN WAYNE SMITH,**

    Plaintiff,

v.                                                                      **CIVIL ACTION NO.: 3:19-CV-179
(GROH)**

**UNITED STATES OF AMERICA
and RN WEAVER,**

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 75] on November 15, 2021. In the R&R, he recommends that the Plaintiff's complaint [ECF No. 7] be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**I. Background**

This civil action commenced on October 7, 2019, when the Plaintiff filed a complaint against the United States of America and RN Weaver[1] under the Federal Tort

---

[1] To the extent Plaintiff still intends to pursue RN Weaver as a party to this lawsuit, the law is clear that only the United States may be the defendant in an FTCA case. Accordingly, for the reasons more fully stated in the R&R, any claim against RN Weaver must be dismissed.

Claims Act. ECF No. 1. The Plaintiff only asserts one claim: he alleges employees of the Government failed to respond to a medical emergency. See ECF No. 78 at 2; ECF No. 7 at 6. Specifically, the Plaintiff alleges that prison staff failed to adequately respond to his medical needs.

In his R&R, Magistrate Judge Trumble found that the allegation should be dismissed for failure to state a claim upon which relief can be granted. The Plaintiff filed objections to the R&R [ECF No. 78], and the Defendants filed a response to the objections. ECF No. 80. On February 22, 2022, the Plaintiff filed a Motion for Leave to Amend his complaint. ECF No. 89. The Defendant filed a Response in Opposition. ECF No. 90. For the reasons more fully stated in the Defendant's Response, the Plaintiff's Motion to Amend is **DENIED**. ECF No. 89.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v.

Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Plaintiff on November 15, 2021. The Plaintiff accepted service on November 22, 2021, and filed objections on December 6, 2021. Accordingly, the Court will undertake *de novo* review of those portions of Magistrate Judge Trumble's findings to which specific objection is made. The Court will review the remainder of the R&R for clear error.

### III.  Discussion

The Plaintiff's argument in his objection is clear: "Mr. Smith['s] argument is solely on one claim, 'FAILURE TO RESPON[D] TO A MEDICAL EMERGENCY,' which arises an inference of Deliberate Indifference[.]" ECF No. 78 at 2. Indeed, Plaintiff's legal arguments revolve around alleging and proving a deliberate indifference claim. See ECF No. 78. However, as the Defendants aptly stated, "deliberate indifference to a serious medical need is a constitutional argument and, as the Court already noted in the Report and Recommendation, not an actionable claim under the FTCA." ECF No. 80 at 3. The R&R explained that a "constitutional civil rights claim is not cognizable in an FTCA lawsuit." ECF No. 75 at 9 (citing FDIC v. Myer, 510 U.S. 471, 477–79 (1994)).

Courts in this District have previously dismissed cases for the same reasons stated in the R&R. The Bender Court concluded that because the plaintiff's "claim relies on a theory of deliberate indifference under the Eighth Amendment, it is not cognizable under the FTCA." Bender v. United States, No. 1:15CV96, 2017 WL 2494642, at *4 (N.D. W.

Va. June 9, 2017). The same holds true in the instant case.

Accordingly, the Plaintiff's objections are without merit. Having reviewed the record *de novo*, the Court finds that the Plaintiff failed to state a claim that is plausible on its face. Therefore, this case must be dismissed.

## V.  Conclusion

Upon careful review and thoughtful consideration, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 75] is hereby **ADOPTED** and the Defendant's Motion to Dismiss is **GRANTED**. ECF No. 45. Therefore, The Plaintiff's Complaint [ECF No. 7] is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to strike this Civil Action from the Court's active docket and to transmit copies of this Order to all counsel of record and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** February 24, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

5